UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEPHEN S. HART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-04834-JPH-TAB |
| | ) |
| MADISON CO. SHERIFF'S DEPT., | ) |
| DANIEL J. KOPP, | ) |
| COURTENEY LEANNE STATON, | ) |
| SAMANTHA GREEN, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiff Stephen Hart, an inmate at New Castle Correctional Facility, filed this 42 U.S.C. § 1983 complaint alleging that the Defendants violated various constitutional rights while investigating him for an ongoing criminal state action. Because Mr. Hart is a prisoner, the Court must screen his complaint. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

The Court must dismiss any claim that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that

> allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

### A. The Complaint

The complaint is brought under 42 U.S.C. § 1983. The complaint names four defendants: (1) the Madison County Sheriff's Department; (2) Daniel Kopp, Madison County Prosecutor; (3) Courtney Leanne Staton, Indiana Attorney General; and (4) Samantha Mitchell Green, Madison County Prosecutor's Office. Mr. Hart's allegations appear to stem from an ongoing criminal case. He seeks monetary damages, dismissal of the ongoing criminal case, and a lifetime no-contact order against Defendants.

Mr. Hart alleges that in 2018, during the investigation part of his case, a Madison County Sherriff's detective interrogated him without his counsel present and threatened to make Mr. Hart's life a "living hell" if he didn't answer the detective's questions. The detective told Mr. Hart that he did not need his counsel present and to "quit asking."

An initial hearing was held in September 2019, a year after Mr. Hart was interrogated. Since the hearing, Mr. Hart has filed numerous motions for discovery, a motion for speedy trial, and a motion to dismiss; the state court denied his motions. Mr. Hart alleges that there is no evidence to prove any type of wrongdoing. Mr. Hart further alleges that "all of this is still going on…"

### B. Discussion

For the reasons stated below, Mr. Hart's complaint must be **dismissed**.

Any claim against the detective for violations of Mr. Hart's constitutional rights during the interrogation must be **dismissed**.  "[A] claim that an officer coerced a witness to give incriminating evidence does not, at least standing alone, violate the wrongly convicted person's due-process rights."  *Avery v. City of Milwaukee*, 847 F.3d 433, 439 (7th Cir. 2017); *see also Chavez v. Martinez*, 538 U.S. 760, 767 (2003) (no Fifth Amendment violation where statements made in violation of *Miranda* are not admitted as testimony against defendant in a criminal case); *Hanson v. Dane Cty., Wis.*, 608 F.3d 335, 339 (7th Cir. 2010) ("We know from *Chavez v. Martinez* . . . that interrogation that yields incriminatory evidence never used in court does not support an award of damages.").  The allegations do not identify any inculpatory statements that were subsequently used against him in his ongoing criminal case.

Furthermore, there is no actionable claim premised on the Sixth Amendment right to the assistance of counsel, as no adversarial criminal proceeding had been instituted against Mr. Hart during the time that he claims he was denied access to a lawyer.  *Watson v. Hulick*, 481 F.3d 537, 542 (7th Cir. 2007) ("[I]nterrogation of a suspect before the filing of a charge, without more, does not trigger the right to counsel.").  Even if an adversarial proceeding had been instituted, "the right to the effective assistance of counsel is recognized not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial."  *Eddmonds v. Peters*, 93 F.3d 1307, 1313

(7th Cir. 1996) (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)). Because the complaint describes the criminal case as ongoing and no trial has presumably occurred, there is no actionable Sixth Amendment claim.

Any claim seeking dismissal of any pending criminal charges or enforcement of Mr. Hart's speedy trial rights must be **dismissed**. To the extent that he maintains that his custody is pursuant to a conviction in a state court, he must seek relief in a petition for habeas corpus pursuant to 28 U.S.C. § 2254; to the extent that he claims that his pre-trial detention is in violation of the Constitution and laws of the United States, he must seek relief in a petition filed pursuant to 28 U.S.C. § 2241. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action.").

Last, the complaint does not allege any improper conduct by several of the defendants. Merely naming Madison County Prosecutors and the Indiana Attorney General in the caption of the complaint is not enough. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Similarly, the complaint does not allege any constitutional injury caused by the Sherriff's Department through a written policy, widespread practice or custom, or act of a final decisionmaker. *See Levy v. Marion Cty. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019); *see also Monell v. Dep't of Soc. Servs. of City of New York*,

436 U.S. 658 (1978).  Accordingly, any claims against these defendants must be dismissed.

Giving Mr. Hart's complaint a liberal construction, the Court cannot discern within it any plausible federal claim against any defendant.  *See United States v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud.").

## II.   Directing Further Proceedings

Mr. Hart shall have through **July 1, 2020** to file an amended complaint or otherwise show cause why Judgment consistent with this Entry should not issue.  Failure to do so in the time allotted will result in the dismissal of this action without further notice or opportunity to show cause. **SO ORDERED.**

Date: 6/1/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

STEPHEN S. HART
106096
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362