UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STEPHEN S. HART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-04834-JPH-TAB |
| | ) | |
| MADISON CO. SHERIFF'S DEPT., | ) | |
| DANIEL J. KOPP, | ) | |
| COURTENEY LEANNE STATON, | ) | |
| SAMANTHA GREEN, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On June 1, 2020, the Court screened Plaintiff Stephen Hart's as directed under 28 U.S.C. § 1915A(a), (c). Dkt. 10. Mr. Hart's complaint alleged that the defendants violated his constitutional rights during an investigation in an ongoing state criminal action. Dkt. 1. Because the Court could not "discern within [the complaint] any plausible federal claim against any defendant," the Court ordered it dismissed unless Mr. Hart filed an amended complaint or showed cause. Dkt. 10. Now Mr. Hart has filed an amended complaint, dkt. 12, which the Court again screens. *See* 28 U.S.C. § 1915A. For the reasons below, all claims must be **DISMISSED**.

## I.  Screening Standard

The Court must dismiss any claim that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court applies the same standard as when addressing a motion to dismiss

1

under Federal Rule of Civil Procedure 12(b)(6).  *See Cesal v. Moats*, 851 F.3d

714, 720 (7th Cir. 2017).  To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as
> true, to state a claim for relief that is plausible on its face. A claim
> has facial plausibility when the plaintiff pleads factual content that
> allows the court to draw the reasonable inference that the
> defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Pro se complaints are construed

liberally and held to a less stringent standard than formal pleadings drafted by

lawyers.  *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

### A. The Complaint

To start, although the original complaint named four defendants: (1) the

Madison County Sheriff's Department; (2) Daniel Kopp, Madison County

Prosecutor; (3) Courtney Leanne Staton, Indiana Attorney General; and (4)

Samantha Mitchell Green, Madison County Prosecutor's Office, Mr. Hart asks

to remove all but Mr. Kopp.  *Id.*  As a result, **the clerk of the Court is**

**directed to remove** all defendants but Daniel Kopp from the docket.

Mr. Hart also seeks to add Detective T. Naselroad from the Madison

County Sherriff's Department as a defendant.  Dkt. 12.  Therefore, **the clerk of**

**the Court is directed to include** Detective T. Naselroad as a defendant on the

docket.

Moving to the substance, Mr. Hart's allegations appear to stem from an

ongoing state criminal case.  Dkt. 12.  According to the complaint, during a

criminal investigation in 2018, Madison County Sherriff Department Detective

Naselroad interrogated Mr. Hart without counsel present.  *Id.*  Mr. Hart claims

2

that he told the detective that he "wanted counsel present after [Detective Naselroad] asked if [Mr. Hart] wished to have counsel present." *Id.*  During the interrogation, "threats [were] made and coercion used against" Mr. Hart.  *Id.*  Mr. Hart alleges that Madison County Deputy Prosecutor Daniel J. Kopp used the fruits of this interrogation to "make up criminal charges" on a "sworn affidavit of probable cause" to the Madison County Circuit Court.  *Id.*

Mr. Hart alleges that this conduct violates his constitutional rights, so he first seeks declaratory relief under 42 U.S.C. § 1983.  *Id.*  He also seeks dismissal of the ongoing criminal case.  *Id.*

### B. Discussion

The complaint must be **DISMISSED for failure to state a claim**.  The U.S. Supreme Court has held that *Younger* abstention "preclude[s] federal intrusion into ongoing state criminal prosecutions." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013); *see Younger v. Harris*, 401 U.S. 37 (1971).  This doctrine prevents federal courts from providing a plaintiff with declaratory relief when he is subject to a pending state court criminal prosecution.  *See Samuels v. Mackell*, 401 U.S. 66, 73 (1971).  As a result, "federal courts must abstain from interfering with state court criminal proceedings involving important state interests as long as the state court provides an opportunity to raise the federal claims and no 'exceptional circumstances' exist." *Cole v. Beck*, 765 F. App'x 137, 138 (7th Cir. 2019).

Here, Mr. Hart's complaint indicates that the state criminal case has not concluded.  *See* dkt. 12 (demanding "the case against myself be dismissed").

3

He has also not established extraordinary circumstances warranting departure from the ordinary abstention rule.  Because Indiana's state criminal case has not concluded, this federal court cannot act on Mr. Hart's request for declaratory relief.  As a result, to the extent Mr. Hart's complaint seeks declaratory relief, his claims must be **DISMISSED**.

Liberally construed, Mr. Hart's complaint also serves as a petition for habeas corpus under 28 U.S.C. § 2241.  *See* dkt. 12.  However, "[r]elief for state pretrial detainees through a federal petition for a writ of habeas corpus is generally limited to speedy trial and double jeopardy claims, and only after the petitioner has exhausted state-court remedies."  *Olsson v. Curran*, 328 F. App'x 334, 335 (7th Cir. 2009)

Mr. Hart has presented neither speedy trial nor double jeopardy claims.  Dkt. 12.  Moreover, he has provided no evidence that he has exhausted state-court remedies.  As a result, to the extent his complaint serves as a petition for habeas corpus from pre-trial state detention, his claims must be **DISMISSED**.

## II.   Conclusion

For the reasons above, the complaint must be **DISMISSED for failure to state a claim**.  Mr. Hart shall have through **October 17, 2020** to show cause why Judgment consistent with this Entry should not issue.  See *Thomas v. Butts*, 745 F.3d 309, 313 (7th Cir. 2014) (Court must "first fir[e] a warning

shot" before dismissing a complaint).  Failure to do so in the time allotted will result in dismissal of this action without further notice.

**The clerk of the Court is directed to remove**: (1) the Madison County Sheriff's Department; (2) Courtney Leanne Staton, Indiana Attorney General; and (3) Samantha Mitchell Green, Madison County Prosecutor's Office, from the docket.  **The clerk of the Court is also directed to include** Detective T. Naselroad as a defendant on the docket.

**SO ORDERED.**

Date: 9/18/2020

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

STEPHEN S. HART
106096
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362